IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. CALHOUN, SR., #F-97231, <br><br> Plaintiff, <br><br> vs. <br><br> SACRAMENTO COUNTY SHERIFF DEPARTMENT; SACRAMENTO COUNTY MAIN JAIL; SACRAMENTO COUNTY MEDICAL DEPARTMENT, <br><br> Defendants. | CIVIL NO. 2:08-00166 HWG/KSC <br><br> FINDINGS AND RECOMMENDATION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE; ORDER STRIKING FIRST AMENDED COMPLAINT (DOC. NO. 28) |

FINDINGS AND RECOMMENDATION TO DISMISS THE FIRST AMENDED
COMPLAINT WITH PREJUDICE; ORDER STRIKING FIRST AMENDED COMPLAINT
(DOC. NO. 28)

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 24, 2008, Plaintiff filed his Complaint. On October 23, 2009, the Court issued an Order Dismissing the Complaint with Leave to Amend ("Order"), wherein the Court identified the deficiencies in the Complaint, provided applicable legal standards, and cautioned Plaintiff that failure to comply with the Order would result in a recommendation of dismissal of this action for failure to state a claim.

On January 19, 2010, Plaintiff filed a First Amended Complaint ("FAC"), which is presently before the Court.[1]

---

[1] Plaintiff also filed a First Amended Complaint on January 21, 2010 (doc. no. 28). However, it appearing that this later-filed First Amended Complaint is identical to the First Amended Complaint filed on January 19, 2010 (doc. no. 27), the Court HEREBY strikes document no. 28.

I. SCREENING ORDER

   A.   Screening Requirement

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous, malicious, or fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

   The court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform the litigant of deficiencies).

   A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (citation omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question. Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When a plaintiff appears pro se, as Plaintiff does in this action, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, Lopez, 203 F.3d at 1126-30).

B. Pleading Requirements

1. Federal Rule of Civil Procedure 8(a)

Rule 8 of the Federal Rules of Civil Procedure ("FRCP") requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

3

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(e)(1)). Simply put, "[a]ll that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996) (quoting Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 870 (9th Cir. 1991)). A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry, 84 F.3d 1172.

  2. Linkage Requirement

  The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 98 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Vague and conclusory allegations of official participation in civil rights violations will not suffice.  See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

    C.   Plaintiff's First Amended Complaint

In the present case, Plaintiff's FAC fails to cure the deficiencies identified in the Order.  As discussed in the Order, Plaintiff neither complied with FRCP 8 nor stated a claim under 42 U.S.C. § 1983, and he has not done so in the First Amended Complaint.  What is more, Plaintiff has changed the parameter of his Complaint, now adding new incidents against new individuals, and he has yet to name proper defendants.

To state a claim under § 1983, a plaintiff must allege: (1) a deprivation of rights, privileges, or immunities secured by the Constitution or federal statute and (2) that the defendant acted under color of state law. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

Although the Court informed Plaintiff that negligence does not amount to a constitutional violation, see Estelle v. Gamble, 429 U.S. 97, 106 (1976), Plaintiff again alleges that Defendants' negligence/negligent medical care over a period of nine months caused him to undergo multiple heart surgeries. However, Plaintiff fails to provide a clear chronology of events and identifies only 2 specific incidents to support his negligence claim: 1) his 2400 calorie diet, prescribed by Dr. Tomkiw, was served cold and 2) he was unable to receive medication from Nurse Mitch. It appears, based on the exhibits attached to the FAC, that Plaintiff filed grievances related to these incidents.

       1.    Improper Defendants

Plaintiff has again named the Sacramento County Sheriff Department and the Sacramento County Medical Department[2] as Defendants.  However, any allegations against these municipal entities fail as a matter of law.  Plaintiff has not alleged that said Defendants acted pursuant to a custom or policy that caused a constitutional tort.

A local government entity is liable under § 1983 when 'action pursuant to official municipal policy of some nature cause[s] a constitutional tort.'"  Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992) (quoting Monell, 436 U.S. at 691). In addition, a local governmental entity may be liable if it has a "policy of inaction and such inaction amounts to a failure to protect constitutional rights."  Id. at 1474 (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)); see also Monell, 436 U.S. at 690-91.  The custom or policy of inaction, however, must be the result of a "conscious," City of Canton, 489 U.S. at 389, or "'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'"  Oviatt, 954 F.2d at 1477 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion)).

---

[2] It appears that Plaintiff is asserting claims against the Sacramento County Sheriff Correctional Health Division.

A "municipality may not be sued solely because an injury was inflicted by one of its employees or agents." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Instead, "a § 1983 claim against a municipal defendant 'cannot succeed as a matter of law' unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury." Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006).

Plaintiff's allegations regarding cold food and dispensing of medication fail to state a claim against Defendants because Plaintiff has not identified a custom or policy pursuant to which Defendants acted. Moreover, even assuming Plaintiff identified a custom or policy, he fails to establish that a constitutional violation resulted, as the Court will discuss in greater detail below. Consequently, Plaintiff's allegations against the municipal Defendants fail to state a claim and should be DISMISSED.

2. Cold Food

In the FAC, Plaintiff names Dr. Tomkiw[3] as a defendant,

---

[3] Plaintiff has spelled the name as "Tomkiw" and "Tomkew".

but did not include Dr. Tomkiw in the caption of the FAC.[4]  Dr. Tomkiw apparently placed Plaintiff on a 2400 calorie diet following a September 2007 heart surgery.  Curiously, Plaintiff does not take issue with the restricted diet, but instead complains that the food was delivered cold.

The Eighth Amendment imposes the duty upon prison officials to provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious and (2) the prison official possesses a sufficiently culpable state of mind.  Id. at 834 (citing Wilson v. Seiter, 501 U.S. at 297-98 (1991)).

Here, it is not an Eighth Amendment violation for food not to be served hot.  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim.  Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment

---

[4] FRCP 10(a) requires that Plaintiff include, in the caption of his complaint, the name of each defendant against whom he is asserting a claim. Fed. R. Civ. P. 10(a). Nevertheless, in construing Plaintiff's FAC liberally, the Court assesses this claim against Dr. Tomkiw.

9

violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and citations omitted). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). "'The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.'" Id. (quoting Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986)). In sum, even if the food was not served hot, that was not a constitutional violation, as a complaint of cold food, without more, does not state a claim of punitive conditions. Harrison v. Moketa/Motycka, 485 F. Supp. 2d 652, 655-56 (D.S.C. 2007) ("[M]erely serving cold food does not present a serious risk of harm or an immediate danger to the health of an inmate."). Accordingly, to the extent this allegation can be construed against Dr. Tomkiw, Plaintiff fails to state a claim and the Court recommends that it be DISMISSED.

      3.   <u>Failure to Receive Medication</u>

The second allegation raised by Plaintiff is that he was unable to receive his medication from an individual identified as "RN Mitch." This incident occurred on November 18, 2007, following Plaintiff's return from the hospital at UC Davis. As with the previous allegation, Plaintiff fails to state a claim.

10

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id. (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  Farmer, 511 U.S. at 834.

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference.  Id.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it

11

can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or

12

intentionally interfering with the treatment once prescribed. Id. To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981).

Plaintiff has not alleged sufficient facts to establish a serious medical need. Even assuming he had, Plaintiff fails to show, and in fact does not argue, that Defendants' personnel acted with deliberate indifference. In particular, Plaintiff has not shown that Defendants' (or its staffs') failure to give Plaintiff his medication was anything but negligence, if that. Plaintiff identifies a single incident where he allegedly did not receive mediation, but has not identified or asserted that any harm resulted. For these reasons, the Court finds that Plaintiff has failed to state a claim and recommends that his claim be DISMISSED.

In accordance with the foregoing, the Court finds and recommends that Plaintiff's FAC be dismissed without leave to amend. Before dismissing a pro se complaint for failure to state a claim, a district court should generally give a pro se litigant leave to amend the complaint and a statement explaining the complaint's deficiencies. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623-24 (9th Cir. 1988). Leave to amend is not required, however, where it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. <u>Id.</u> at 623; <u>see</u> <u>also</u> <u>Shermoen v. United States</u>, 982 F.2d 1312, 1319 (9th Cir. 1992) ("'[A] district court does not err in denying leave to amend where the amendment would be futile.'"). The Court identified the Complaint's deficiencies in the Order and Plaintiff has not cured those deficiencies in the FAC, nor does it appear he could through further amendment. Plaintiff alleges facts that, at most, might support a negligence claim, which is not sufficient to establish an Eighth Amendment violation. Consequently, the FAC and this action should be dismissed with prejudice.

II. <u>CONCLUSION</u>

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's First Amended Complaint, filed on January 21, 2010 be STRICKEN (doc. no. 28), and FOUND AND RECOMMENDED that

14

Plaintiff's FAC, filed January 19, 2010 (doc. no. 27), be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-304. Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). Plaintiff should be aware that this action may count as a strike under § 1915(g) for any future civil action he may bring.

IT IS SO ORDERED AND SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 12, 2010.



Kevin S.C. Chang
United States Magistrate Judge

CV 2:08-00166 HWG-KSC; CALHOUN V. SACRAMENTO COUNTY SHERIFF, et al.; FINDINGS AND RECOMMENDATION TO DISMISS THE FIRST AMENDED COMPLAINT; ORDER STRIKING FIRST AMENDED COMPLAINT (DOC. NO. 28)